J-S25009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1705 EDA 2020 |

Appeal from the PCRA Order Entered August 19, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002519-2013

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    Filed: September 9, 2021

Appellant, Juan Santiago, appeals *pro se* from the post-conviction court's August 19, 2020 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. On November 15, 2016, Appellant entered a *nolo contendere* plea to charges of aggravated assault and possessing an instrument of crime. Pursuant to the negotiated plea agreement, the court sentenced Appellant that same day to a term of 7 to 14 years' incarceration, followed by 10 years' probation. Appellant did not file any post-sentence motions or a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 21, 2019, Appellant filed the *pro se* PCRA petition underlying his present appeal, which was his first. Counsel was appointed and subsequently filed a 'no-merit' letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 11, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice advising Appellant that it intended to dismiss his petition without a hearing based on counsel's assessment that it was untimely and met no exception to the PCRA's timeliness requirements. Appellant did not respond. On August 19, 2020, the court dismissed his petition and permitted counsel to withdraw. Appellant filed a timely, *pro se* appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on November 24, 2020.

On February 12, 2021, Appellant filed a *pro se* brief with this Court that fails to comply with the Pennsylvania Rules of Appellate Procedure. Most notably, Appellant's brief does not contain a Statement of the Questions Involved (Pa.R.A.P. 2116) or a Summary of Argument (Pa.R.A.P. 2118). In addition, the Argument portion of Appellant's brief is not divided into any sections with headings delineating the claims being addressed as required by Pa.R.A.P. 2119. These briefing errors, combined with the confusing arguments presented by Appellant in his undivided Argument section, greatly impede our ability to discern, let alone meaningfully review, what issues he is alleging.

However, from what we can understand, Appellant is seemingly alleging that his counsel acted ineffectively for various reasons, including coercing Appellant into entering the *nolo contendere* plea, and failing to file a direct appeal on his behalf. **See** Appellant's Brief at 2, 5, 6. Appellant also seems to attack the validity of his plea, arguing that he was not advised of, and did not validly waive, certain rights. **See id.** at 4, 7.

Preliminarily, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on December 15, 2017, at the expiration of the 30-day time-period for filing an appeal with this Court from his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Therefore, his petition filed in October of 2019 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden, as he does not state what exception(s) his claims meet, nor does he offer any discussion that would prove the applicability of any exception. Instead, as stated above, he merely

- 4 -

argues his counsel acted ineffectively and that his plea is invalid. As our Supreme Court has observed, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Moreover, to the extent Appellant's argument could be interpreted as claiming that counsel's ineffectiveness meets the governmental interference exception of section 9545(b)(1)(i), the PCRA explicitly states that, "[f]or purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained." 42 Pa.C.S. § 9545(b)(4).

Regarding Appellant's assertions that his plea is invalid, namely because he was not informed of certain rights, he fails to explain what timeliness exception this argument satisfies. Furthermore, Appellant would be unable to meet section 9545(b)(2)'s one-year requirement, as any errors in the validity of his plea could have been presented as soon as he entered the plea in 2016, yet he did not file his present petition until 2019.[1]

---

[1] We observe that Appellant's plea challenge(s) arguably would have been subject to the prior version of section 9545(b)(2), which required that claims be raised within 60 days of when they arose. The amendment of section 9545(b)(2) from 60 days to 1 year became effective on December 24, 2018 and applies to any claims arising on or after December 24, 2017. Appellant's claims challenging his plea would have arisen in November of 2016, when the plea was entered. Nevertheless, whether the 60-day or 1-year version of section 9545(b)(2) applies, Appellant cannot meet that timeliness requirement.

Finally, we note that the claims stated by Appellant herein do not match those raised in his *pro se* petition. **See** PCRA Court Opinion, 11/24/20, at 2 (interpreting Appellant's *pro se* petition as asserting "actual innocence," and "that the sentencing court lacked '10th amendment sovereign state police power,' and lacked 'subject matter jurisdiction due to [the] untimely filed criminal information, [and] defective criminal information'") (quoting *Pro Se* PCRA Petition, 10/21/19, at 1). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

For all these reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition on the basis that it is untimely and meets no exception under section 9545(b)(1).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/21